# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.                       SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.: 20 1158

RACHEL SIMMS, )
       )
    Plaintiff, )
       )
v. )
       )
TARGET CORPORATION, )
       )
    Defendant. )
       )

## COMPLAINT

Now comes the Plaintiff, Rachel Simms, by and through her attorney states as follows:

## PARTIES

1. The Plaintiff, Rachel Simms, is a natural person residing at 706 San Remo Drive, Weston, Florida 33326.

2. The Defendant, Target Corporation ("Target") is a foreign corporation, organized and existing by virtue of laws of the Commonwealth of Massachusetts, located at 1 Hawes Way, Stoughton, Massachusetts 02070.

## FACTS

3. This action arises from an incident that occurred on January 7, 2108 when the Plaintiff, while exiting the Frame Department to the main aisle at Target, 1 Hawes Way in Stoughton, Massachusetts, slipped and fell in a puddle of liquid on the floor.

4. On and prior to January 7, 2018, Target Corporation is a general business selling furnishings and good in the State of Massachusetts.

5. At the time of the incident, the Plaintiff was unaware there was a problem in the main aisle.

6. There was no signage indicating that there was a problem in the main aisle.

7. There were no cones warning of a problem in the main aisle.

8. The area around the main aisle was not sectioned off as to warn those of a problem in the main aisle.

9. As a result of this slip and fall, the Plaintiff suffered severe injuries.

## COUNT ONE – NEGLIGENCE

10. Plaintiff realleges and reavers the allegations set forth in Paragraph 1 through Paragraph 9 of this Complaint and incorporates same by reference as fully stated herein.

11. The Plaintiff's slip and fall was caused by the recklessness, carelessness, and negligence of Target for that, among other acts and omissions, Target:

   a. Failed to properly supervise the common area in question so as to furnish the Plaintiff a safe area to walk, free from hazards, which were recognized, or should have been recognized by Target as causing, or likely to cause, serious physical harm to the Plaintiff and others;
   b. Failed to maintain their premises in a safe condition to ensure that the Plaintiff would not be caused to slip and fall as a result of liquid being on the floor, which were known or should have been known to Target.
   c. Failed to properly inspect the premises wherein the Plaintiff was caused to slip and fall as a result of liquid being on the floor in the main aisle.
   d. Failed to maintain the premises in a good and safe condition for the Plaintiff and others;
   e. Failed to otherwise comply with the applicable laws and regulations of the State of Massachusetts and the applicable Federal laws and regulations.
   f. Otherwise failed to exercise the degree of care required under the circumstances then and there existing; and
   g. Otherwise was negligent.

12. As a direct proximate result of the recklessness, carelessness, and negligence of Target, the Plaintiff:

a. Suffered serious and painful bodily injuries, great physical pain and mental anguish, and severe and substantial emotional distress;

b. Was, is, and will be required to undergo medical treatment and to incur medical costs and expenses in order to alleviate injuries, pain and suffering;

c. Was, is, and will be precluded from engaging in normal activities and pursuits; and

d. Otherwise was hurt, injured, and caused to sustain losses.

13. All of the Plaintiff's losses were, are and will be solely to and by reason of the recklessness, carelessness, and negligence of Target.

**WHEREFORE,** the Plaintiff prays judgment against Defendant as follows:

1. For medical bills and pain and suffering;

2. For interest and attorneys' fees;

3. For lost wages; and

4. For such other and further relief as the Court may deem proper.

Dated: December 4, 2020

Respectfully submitted by the Plaintiff, through her attorney,

/s/Samuel Chipman
Samuel B. Chipman, Esq.
BBO #680922
Kelly and Associates
83 Atlantic Avenue, Suite 202
Boston, MA 02110
(617) 807-0855
samuel@1800lawguys.com

3

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 20 1158 | Trial Court of Massachusetts <br> The Superior Court | |
|---|---|---|---|
| **PLAINTIFF(S):** Rachel Simms <br> **ADDRESS:** 706 San Remo Drive <br> Weston, FL 33326 | | **COUNTY** Norfolk | |
| | | **DEFENDANT(S):** Target Corporation | |
| **ATTORNEY:** Samuel B. Chipman, Esq. <br> **ADDRESS:** Kelly & Associates <br> 83 Atlantic Avneue, Suite 202 <br> Boston, MA 02110 | | **ADDRESS:** 1 Hawes Way <br> Stoughton, MA 02070 | |
| **BBO:** 680922 | | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B20 | Personal Injury - Slip & Fall | F | [x] YES   [ ] NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?   [ ] YES   [x] NO

Is this a class action under Mass. R. Civ. P. 23?   [ ] YES   [x] NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ............................................................................................................. $ _____
  2. Total doctor expenses ............................................................................................................... $ _____
  3. Total chiropractic expenses ...................................................................................................... $ _____
  4. Total physical therapy expenses .............................................................................................. $ _____
  5. Total other expenses (describe below) .................................................................................... $ _____
  Subtotal (A): $ _____
B. Documented lost wages and compensation to date ................................................................... $ _____
C. Documented property damages to date ..................................................................................... $ _____
D. Reasonably anticipated future medical and hospital expenses ................................................. $ _____
E. Reasonably anticipated lost wages ............................................................................................. $ _____
F. Other documented items of damages (describe below) ............................................................ $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

Suffered personal injuries to to slip & fall.

**TOTAL (A-F): $ 50,000.00+**

### CONTRACT CLAIMS
(attach additional sheets as necessary)

[ ] This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

**TOTAL: $** _____

**Signature of Attorney/ Unrepresented Plaintiff: X**                                                **Date:**

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney of Record:  X /s/Samuel B. Chipman**                        **Date: Dec 4, 2020**

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA, etc. | (A) |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party †

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E25 Pleural Registry (Asbestos cases) | |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S | (X) |

### TRANSFER YOUR SELECTION TO THE FACE SHEET

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | [x] YES   [ ] NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

**A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.**
**FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY**
**MAY RESULT IN DISMISSAL OF THIS ACTION.**

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT – MOTOR VEHICLE TORT – CONTRACT –
EQUITABLE RELIEF – OTHER)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. 20  1158

Rachel Simms , Plaintiff(s)

v.

Target Corporation , Defendant(s)

### SUMMONS

To the above-named Defendant: Target Corporation

You are hereby summoned and required to serve upon Samuel B. Chipman, Esq. plaintiff's attorney, whose address is Kelly & Associates, 83 Atlantic Ave, Suite 202, Boston, MA 02110 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, JUDITH FABRICANT, Esquire , at _____ the _____ day of _____, in the year of our Lord two thousand and _____

_____ Clerk.

NOTES:
1. This summons is issued pursuant to Rules 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

## PROOF OF SERVICE OF PROCESS

 **Norfolk County Sheriff's Office**, P.O. Box 699245, Quincy, MA 02269 / Tel: (781) 326-7271
**Norfolk, SS**

January 18, 2021

I hereby certify and return that on 1/14/2021 at 11:26 AM I served a true and attested copy of the summons and complaint, request for production of documents, interrogatories, civil tracking order & civil action cover sheet in this action in the following manner: To wit, by delivering in hand to Duillerno Diaz, Manager, person in charge at the time of service for Target Corporation, at 1 Hawes Way Stoughton, MA 02072 . Attestation - 1 Copy ($5.00) Basic Service Fee ($30.00) Conveyance ($2.25) Postage and Handling ($1.00) Travel ($8.32) Total: $46.57

Deputy Sheriff **Alfred Wood**                               Deputy Sheriff

, 20

---

COMMONWEALTH OF MASSACHUSETTS
NORFOLK, ss.
SUPERIOR COURT
CIVIL ACTION
NO. 2082CV01158

Rachel Simms....................., Plaintiff
v.
Target Corporation..............., Defendant

SUMMONS
(Mass. R. Civ. P. 4)